IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

DON KING PRODUCTIONS, INC.,

Plaintiff

v.                                          CIVIL 06-1479 (JAG)

CAFETERÍA LA MARIANA, et al.,

Defendants

<u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>

Plaintiff claims that various defendants exhibited its copyrighted boxing matches without the proper authorizations, in violation of 47 U.S.C. § 553, § 553(3)(A)(ii) and § 553(3)(B).  Default was entered against co-defendants San Felipe Café, and Ana L. Cosme individually (Docket No. 63), the conjugal partnership Torres-Cosme, (Docket No. 60) El Chef del Sandwich, Luis Torres individually, and the conjugal partnership composed of Torres-Fulana de Tal, conjugal partnership composed of Torres-María Zambrana (Docket No. 63), El Gran Mangoito (Docket No. 37), Javier Colón individually and the conjugal partnership composed of Colón-Doe (Docket No. 63), El Refugio de Nan y Lilly, Nelly Lugo (Docket No. 37), the conjugal partnership composed of Lugo-Doe (Docket No. 63), the conjugal partnership González-Lugo (Docket No. 38), Cafetín La Marina a/k/a Cafetín Marina, Mónica Rodríguez individually, the conjugal partnership composed of Mónica Rodríguez and Mark Doe (Docket No. 38), La Barra el Limón a/k/a Limón Café a/k/a Barra & Restaurant Limón Café, Roberto Rivera individually, the conjugal partnership composed of Roberto Rivera and Mary

CIVIL 06-1479 (JAG)                    2

Doe (Docket No. 37), Verde Luz Inn Restaurant, Alberto Ronda Vázquez individually, the conjugal partnership composed of Alberto Ronda and Mengana de Tal (Docket No. 38), La Hípica a/k/a Agencia Hípica 449, Macho Cintrón individually, conjugal partnership of Cintrón-Doe, Héctor Torres individually and conjugal partnership Torres-Doe (Docket No. 37), Colmado Barra & Club de Dominó Los Amigos, Evelyn Santiago Quiñones individually, the conjugal partnership composed of Evelyn Santiago Quiñones and Doe (Docket NO. 37), La Cantina de Luis, conjugal partnership composed of Luis González González individually.  (Docket No. 38.)

Default having been entered, plaintiff moved for judgment by default.  For each establishment and set of defendants related to said establishment, plaintiff filed an affidavit of an auditor who visited the place of business.  The affidavits, *inter alia,* detail the number of patrons counted, the number of television sets, and which part of the copyrighted transmission was being exhibited.  Plaintiff also included a detailed declaration under penalty of perjury by its attorneys that attested to the need for service of summons, the expenses incurred, and the time invested in each case.  Finally, plaintiff included a detail of the cost of the summons for each defendant.  After examining plaintiff's request for judgment by default, its accompanying documents and the complaint, I render a report and recommendation.

CIVIL 06-1479 (JAG)                    3

Inasmuch as the aforementioned defendants are in default, this "constitutes an admission of all facts well-pleaded in the complaint." Metropolitan Life Ins. Co. v. Colón Rivera, 204 F. Supp. 2d 273, 274-75 (D.P.R. 2002) (citing Banco Bilbao Vizcaya Argentiaria v. Family Restaurants, Inc., 285 F.3d 111, 114 (1st Cir. 2002)).  Moreover, "[o]nce the entry of a default establishes the *fact* of damage, the trial judge . . . has considerable latitude in determining the *amount* of damages."  Jones V. Winnepesaukee Realty, 990 F.2d 1, 4 (1st Cir. 1993).

Pursuant to 47 U.S.C. § 553(3)(A)(ii), the maximum amount for statutory damages is $10,000.  Pursuant to 47 U.S.C. § 553(3)(B), the court has discretion to increase this to the maximum statutory provision of $50,000 if it finds the violation of copyright was willful and for commercial advantage or private gain. Courts may infer willfulness from defendant's failure to defend itself.   See Fitzgerald Publ'g Co. v. Baylor Publ'g Co., 807 F.2d 1110, 1115 (2nd Cir. 1986); Century ML-Cable Corp. v. Díaz, 39 F. Supp. 2d 121, 125 (D.P.R. 1999).  In Time Warner Cable of New York City v. Georgies Luncheonette, Inc., 77 F. Supp. 2d 485, 490 (S.D.N.Y. 1999), the court states, "[s]ignals do not descramble spontaneously, nor do television sets connect themselves to cable distribution systems." I thus find that defendants' violations were willful and for commercial advantage and warrant the maximum penalty, as well as maximum statutory damages.

CIVIL 06-1479 (JAG)                    4

Plaintiff is also seeking reasonable attorneys' fees.  Plaintiff's attorney is Glenn Carl James.  Mr. James has more that 15 years experience in federal litigation.  Therefore, an hourly fee of $200 is not unreasonable.  See Grendel's Den, Inc. v. Larkin, 749 F.2d 945, 950-51 (1st Cir. 1984); Mountain Cable Co. v. Choquette, 53 F. Supp. 2d 107, 114-115 (D.  Mass. 1999).

In light of the above, I recommend that the court make the following specific findings as to each defendant:

1.   According to the sworn statement of Mr. Jorge Berríos who visited San Felipe Café, Ana L. Cosme individually, and c/p Torres-Cosme d/b/a San Felipe Café's establishment on the day of the fight, there were 40 persons viewing the fight in the establishment on one television.  The court awards plaintiff $40,000 in damages, plus $2,200 in attorneys' fees and $395 in costs; and orders San Felipe Café, Ana L. Cosme individually, and c/p Torres-Cosme d/b/a San Felipe Café's, to jointly and severally pay this amount to plaintiff, pursuant to the judgment issued in this matter.

2.   According to the sworn statement of Mr. Jorge Colón who visited El Chef del Sandwich, Luis Torres individually, c/p Torres-Fulana del Tal and conjugal partnership Torres-Zambrana d/b/a El Chef del Sandwich's establishment on the day of the fight, there were 25

CIVIL 06-1479 (JAG)                    5

persons viewing the fight in the establishment on one television.  The court awards plaintiff $25,000 in damages, plus $2,200 in attorney's fees and $460 in costs, and orders El Chef del Sandwich, Luis Torres individually, c/p Torres-Fulana de Tal and conjugal partnership Torres-Zambrana d/b/a El Chef del Sandwich, to jointly and severally pay this amount to plaintiff, pursuant to the judgment issued in this matter.

3.  According to the sworn statement of Mr. Jorge Berríos who visited El Gran Mangoito, Javier Colón individually, and conjugal partnership Colón-Doe d/b/a El Gran Mangoito's establishment on the day of the fight, there were 30 persons viewing the fight in the establishment on one television.  The court awards plaintiff $30,000 in damages, plus $2,200 in attorney's fees and $345 in costs, and orders El Gran Mangoito, Javier Colón individually, and conjugal partnership Colón-Doe d/b/a El Gran Mangoito, to jointly and severally pay this amount to plaintiff, pursuant to the judgment issued in this matter.

4.  According to the sworn statement of Mr. William Martínez who visited El Refugio de Nan y Lilly, Nelly Lugo individually, conjugal partnership Lugo-Doe and conjugal partnership González-Lugo d/b/a El Refugio de Nan y Lilly, establishment on the day of the fight, there were 18

CIVIL 06-1479 (JAG)                    6

persons viewing the fight in the establishment on one television. The court awards plaintiff $20,000 in damages, plus $2,200 in attorney's fees and $460 in costs, and orders El Refugio de Nan y Lilly, Nelly Lugo individually, conjugal partnership Lugo-Doe and conjugal partnership González-Lugo d/b/a El Refugio de Nan y Lilly, to jointly and severally pay this amount to plaintiff, pursuant to the judgment issued in this matter.

5.   According to the sworn statement of Mr. Jorge Berríos who visited Cafetín La Marina a/k/a Cafetín Marina, Mónica Rodríguez individually, the conjugal partnership Rodríguez-Doe d/b/a Cafetín La Marina's establishment on the day of the fight, there were 50 persons viewing the fight in the establishment on one television. The court awards plaintiff $50,000 in damages, plus $2,200 in attorney's fees and $645 in costs, and orders Cafetín La Marina a/k/a Cafetín Marina, Mónica Rodríguez individually, the conjugal partnership Rodríguez-Doe d/b/a Cafetín La Marina's, to jointly and severally pay this amount to plaintiff, pursuant to the judgment issued in this matter.

6.   According to the sworn statement of Mr. Jorge Berríos who visited La Barra el Limón a/k/a Limón Café a/k/a Barra & Restaurant Limón Café, Roberto Rivera individually, the conjugal partnership Roberto

CIVIL 06-1479 (JAG)                    7

Rivera-Mary Doe a/k/a La Barra el Limón's establishment on the day of the fight, there were 45 persons viewing the fight in the establishment on two televisions.  The court awards plaintiff $45,000 in damages, plus $2,200 in attorney's fees and $395 in costs, and orders La Barra el Limón Café a/k/a Barra & Restaurant Limón Café, Roberto Rivera individually, the conjugal partnership Roberto Rivera-Mary Doe d/b/a La Barra el Limón, to jointly and severally pay this amount to plaintiff, pursuant to the judgment issued in this matter.

7.     According to the sworn statement of Mr. William Martínez who visited Verde Luz Inn Restaurant, Alberto Ronda Vázquez individually, the conjugal partnership constituted by Alberto Ronda Vázquez and Mengana de Tal d/b/a Verde Luz Inn Restaurant's establishment on the day of the fight, there were 30 persons viewing the fight in the establishment on two televisions.  The court awards plaintiff $30,000 in damages, plus $2,200 in attorney's fees and $395 in costs, and orders Verde Luz Inn Restaurant, Alberto Ronda Vázquez individually, the conjugal partnership constituted by Alberto Ronda Vázquez and Mengana de Tal d/b/a Verde Luz Inn Restaurant, to jointly and severally pay this amount to plaintiff, pursuant to the judgment issued in this matter.

CIVIL 06-1479 (JAG)                    8

8.    According to the sworn statement of Ms. Damaris Cintrón who visited La Hípica a/k/a Agencia Hípica 449, Macho Cintrón individually, conjugal partnership of Cintrón-Doe, Héctor Torres individually and conjugal partnership Torres-Doe d/b/a La Hípica a/k/a Agencia Hípica 449's establishment on the day of the fight, there were 58 persons viewing the fight in the establishment on one television.  The court awards plaintiff $58,000 in damages, plus $2,200 in attorney's fees and $530 in costs, and orders La Hípica a/k/a Agencia Hípica 449, Macho Cintrón individually, conjugal partnership of Cintrón-Doe, Héctor Torres individually and conjugal partnership Torres-Doe d/b/a La Hípica a/k/a Agencia Hípica 449, to jointly and severally pay this amount to plaintiff, pursuant to the judgment issued in this matter.

9.    According to the sworn statement of Ms. María del C. Caraballo who visited Colmado Barra & Club de Dominó Los Amigos, Evelyn Santiago Quiñones individually, the conjugal partnership Evelyn Santiago Quiñones-Doe d/b/a Colmado Barra & Club de Dominó Los Amigos on the day of the fight, there were 20 persons viewing the fight in the establishment on one television.  The court awards plaintiff $20,000 in damages, plus $2,200 in attorney's fees and $395 in costs, and orders Colmado Barra & Club de Dominó Los Amigos, Evelyn Santiago

CIVIL 06-1479 (JAG)                    9

Quiñones individually, the conjugal partnership Evelyn Santiago Quiñones-Doe d/b/a Colmado Barra & Club de Dominó Los Amigos, to jointly and severally pay this amount to plaintiff, pursuant to the judgment issued in this matter.

10.   According to the sworn statement of Mr. Edgardo Rivera who visited La Cantina de Luis, conjugal partnership González González-Doe, and Luis González González individually on the day of the fight, there were 200 persons viewing the fight in the establishment on one television. The court awards plaintiff $60,000 in damages, plus $2,200 in attorney's fees and $395 in costs, and orders La Cantina de Luis, conjugal partnership González González-Doe, and Luis González González individually, to jointly and severally pay this amount to plaintiff, pursuant to the judgment issued in this matter.

In view of the above, I recommend that the court enter judgment as detailed.

Under the provisions of Rule 72(d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of this Court within ten (10) days of the party's receipt of this report and recommendation.  The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the

CIVIL 06-1479 (JAG)                    10

basis for such objections.   Failure to comply with this rule precludes further appellate review.   See Thomas v. Arn, 474 U.S. 140, 155 (1985); Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992); Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985 (1st Cir. 1988); Borden v. Sec'y of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

At San Juan, Puerto Rico, this 17th day of July, 2007.


S/ JUSTO ARENAS
Chief United States Magistrate Judge