IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

DON KING PRODUCTIONS, INC.,

Plaintiff

v.                                             CIVIL 06-1479 (JAG)

EL TAMARINDO a/k/a BAR &
CAFETERÍA EL TAMARINDO,
EDWARD ÁLVAREZ DE JESÚS,
HIS WIFE JANE DOE AND THE
CONJUGAL PARTNERSHIP
BETWEEN THEM,

Defendants

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION IN RELATION TO DEFAULT JUDGMENT AGAINST ABOVE DEFENDANTS

On May 17, 2006, Don King Productions, Inc., filed an action against El Tamarindo a/k/a Bar & Cafetería El Tamarindo, Edward Álvarez de Jesús, and his wife Jane Doe and others. Plaintiff was the producer and copyright holder of the closed-circuit telecast of the May 14, 2005, championship boxing match between Félix Tito Trinidad vs. Winky Wright, including the undercard or preliminary bouts. The telecast was not intended for the use of the general public.

This action arises under section 705 of the Federal Communications Act of 1934, as amended, 47 U.S.C. §§ 553, 605. Subject matter jurisdiction is proper under 28 U.S.C. § 1331 and 47 U.S.C. § 605.

Defendants were served with summons and copy of the complaint on July 30, 2006. (Docket No. 16.) They were not contractually authorized by plaintiff

CIVIL 06-1479 (JAG)                    2

to televise the event to the public in their establishment.  Upon the failure of defendants, El Tamarindo a/k/a Bar & Cafetería El Tamarindo, Edward Álvarez de Jesús, his wife Jane Doe and the conjugal partnership between them, to timely file an answer to the complaint or otherwise plead, plaintiff requested that default be entered against defendants.  On November 14, 2007, the court entered default against the defendants El Tamarindo a/k/a Bar & Cafetería El Tamarindo, Edward Álvarez de Jesús, and his wife Jane Doe.  (Docket No. 90.)

On November 15, 2007, plaintiff filed a motion requesting judgment by default, with exhibits.  (Docket No. 91.)  The matter was referred to me on April 1, 2008 for the setting of a hearing on damages.  (Docket No. 95.)  Such an evidentiary hearing was held on May 9, 2008, and the testimony of Damary Cintrón was heard in relation to the issue of damages.

Having considered the motion requesting judgment by default, accompanying exhibits, and the testimony of May 9, 2008, as well as the relevant statutory authority on damages, 47 U.S.C. § 605 et seq., I find as follows:

The plaintiff has established through competent evidence, especially the testimony of security consultant Damary Cintrón, that actual and statutory damages are appropriate as a result of defendants' illegal misappropriation of plaintiff's transmission, based upon the approximately 20 people looking at the TV

CIVIL 06-1479 (JAG)                             3

screen located at El Tamarindo on the evening of May 14, 2005 while the Trinidad-Wright fight was being broadcast.

Pursuant to 47 U.S.C. § 553(3)(A)(ii), the maximum amount for statutory damages is $10,000 per defendant. Pursuant to 47 U.S.C. § 553(3)(B), the court has discretion to increase this to the maximum statutory provision of $50,000 per defendant if it finds the violation of copyright was willful and for commercial advantage or private gain. I find that defendants' violations were willful and for commercial advantage and warrant the maximum penalty, as well as maximum statutory damages. Plaintiff is also seeking reasonable attorneys' fees. Plaintiff's attorney is Glenn Carl James and has more than 15 years experience in federal litigation. Therefore, an hourly fee of $200 is not unreasonable and has been approved previously on several occasions. Plaintiff has also incurred in costs in the amount of $545. (Docket No. 91.) These costs are three summonses at $65 per summons (Docket No. 16), filing fee in the amount of $150, and $200 which was the cost of employing Damary Cintrón as the investigator in this case. Counsel reasonably dedicated eleven hours to prosecuting this action against the defendants.

In view of the above, it is recommended that the court enter default judgment against the defendants El Tamarindo a/k/a Bar & Cafetería El Tamarindo, Edward Álvarez de Jesús, and his wife Jane Doe in the amount of

CIVIL 06-1479 (JAG)                              4

$60,000 per defendant, as detailed below, together with statutory interest thereon from the date of the order of default judgment.

      a.    Pursuant to 47 U.S.C. § 553(3)(A)(ii), statutory damages of $10,000 per defendant.

      b.    Pursuant to 47 U.S.C. § 553(3)(B), maximum statutory damages of $50,000, per defendant.

      c.    Attorney's fees in the amount of $2,200 and costs in the amount of $545.

Because defendants are defaulted, the court is invited to adopt this report and recommendation as unopposed and enter judgment accordingly.

In San Juan, Puerto Rico, this 12th day of May, 2008.

                              S/ JUSTO ARENAS
                       Chief United States Magistrate Judge